UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CVIN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00185-AGF |
| | ) |
| CLARITY TELECOM, LLC, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Clarity Telecom, LLC's motion (ECF No. 63) to strike portions of the Plaintiff's first amended complaint. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff's first amended complaint asserts several claims for trademark infringement. According to the complaint, Plaintiff owns U.S. trademark registrations and common law trademark rights for VAST NETWORKS and VAST NETWORKS & Design. Plaintiff has been providing telecommunication services under these marks since 2011. In 2014, in connection with its telecommunication services, Defendant adopted the name VAST BROADBAND and the related VAST and VAST IS FAST marks. Plaintiff claims that Defendant has infringed Plaintiff's registered marks under 15 U.S.C. § 1114, engaged in false designation of origin and unfair competition under 15 U.S.C. § 1125(a), and infringed Plaintiff's marks under Missouri statutory and common law. Plaintiff further alleges that Defendant has engaged in unfair business practices under Missouri common law.

Defendant has moved to strike portions of Plaintiff's first amended complaint that reference the parties' settlement negotiations. Specifically, Defendant moves to strike the final sentence of paragraph 42, which alleges that "throughout 2015 and 2016 Plaintiff and Defendant negotiated a possible license from Plaintiff, for use of the Defendant's VAST-formative marks, exchanging numerous drafts." ECF No. 56 ¶ 42. Additionally, Defendant moves to strike the parts of paragraph 43 which allege that "the parties negotiated the terms of the license" and that "Defendant also has ceased negotiations regarding a possible license from Plaintiff." ECF No. 56 ¶ 43.

Citing Federal Rule of Evidence 408,[1] Defendant contends that the references to a specific term in settlement negotiations would not be admissible as evidence and are immaterial and impertinent to Plaintiff's allegations of trademark infringement. In response, Plaintiff asserts that Rule 408 governs evidence, not pleadings, and is not implicated at the pleading stage. Were Rule 408 to apply, Plaintiff argues that the challenged allegations are probative of various aspects of Plaintiff's claims other than liability.

## DISCUSSION

The Court may strike from a pleading "any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a party's pleading "is an extreme and disfavored measure." *BJC Health Sys. V. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir. 2007). Additionally, "[a]llegations in a complaint are not evidence." *North Face Apparel Corp. v. Williams Pharm., Inc.*, No. 4:09-cv-202-RWS, 2010 WL 546318, at *2 (E.D. Mo. Feb. 9, 2010). "Even if the

---

[1] Rule 408 renders inadmissible evidence of "conduct or a statement made during compromise negotiations about the claim" used to prove the "validity or amount of a disputed claim," but provides that "[t]he court may admit this evidence for another purpose . . . ." Fed. R. Evid. 408.

statements are later determined to be inadmissible under Rule 408, they need not be stricken from the pleadings," but the matter may be raised in a motion in limine. *Id.*

Plaintiff's amended complaint only broadly and briefly references settlement negotiations between Plaintiff and Defendant. Even if evidence of settlement negotiations is later determined to be inadmissible under Rule 408, it is premature to strike the allegations at the pleading stage.

As such, the Court will deny Defendant's motion to strike.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike the allegations in paragraphs 42 and 43 is **DENIED**. ECF No. 63.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2018.